OHRENSTEIN & BROWN, LLP
Michael D. Brown (MB9856)
Matthew Bryant (MB2005)
Zachary G. Schurkman (ZS1985)
1305 Franklin Avenue, Suite 300
Garden City, New York 11530
T: (516) 873-6334
F: (516) 873-8912

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
In the Matter of the Application of                          )
                                                            )       Civil Action No.
AMTRUST NORTH AMERICA, INC. and                             )       Related Case Nos.:
TECHNOLOGY INSURANCE COMPANY, INC.                          )       15-CV-7505 (CM)
as Judgment Creditors of                                    )       14-CV-9494 (CM) (JLT)
PACIFIC RE, INC. on  behalf of its                          )
protected cell PAC RE 5-AT, Judgment Debtor,                )       **PETITION**
                                                            )
                      Petitioners,                          )
          v.                                                )
                                                            )
SAFEBUILT INSURANCE SERVICES, INC.,                         )
                                                            )
                      Respondent.                           )
-------------------------------------------------------------X

    NOW COMES Petitioners AMTRUST NORTH AMERICA, INC. and TECHNOLOGY

INSURANCE COMPANY, as Judgment Creditors of PACIFIC RE, INC. on behalf of its

protected cell PAC RE 5-AT (collectively "Petitioners"), by and through their attorneys

Ohrenstein & Brown, LLP, respectfully seeking an Order of this Court pursuant to Fed. R. Civ.

P. 69(a) and New York Civil Procedure and New York Civil Practice Law and Rules ("CPLR")

§§ 5201(a), 5221(a), 5225(b) and 5227 granting their Petition to turn over the funds due and

owing to Judgment Creditors AmTrust and TIC (collectively "AmTrust") amounts owed by

Respondent to AmTrust's Judgment Debtor (Pacific Re, Inc. on behalf of Pac Re 5-AT) in the

principal amount of $7,833,474.29, plus interest as of July 28, 2016 in the amount of

$628,742.35, for a total amount of $8,462,216.64, exclusive of attorney's fees and costs, together

with judgment interest thereon through the date of payment.

In support thereof, Petitioners state as follows:

<u>**PARTIES**</u>

1.      Petitioner-Judgment Creditor AMTRUST NORTH AMERICA, INC.

("AmTrust") is a Delaware corporation with its principal place of business in this District.

2.      Petitioner-Judgment Creditor TECHNOLOGY INSURANCE COMPANY

("TIC") is a New Hampshire corporation, an affiliate of AmTrust, and maintains its principal

place of business in this District.

3.      Petitioner-Judgment Debtor PACIFIC RE, INC. ("Pac Re") is a protected cell

reinsurer domiciled and licensed in the state of Montana, having their address at 27 North 27th

Street, Billings, MT 59101.

4.      Judgment Debtor PAC RE 5-AT ("Cell 5") is an unincorporated segregated

protected cell of Pac Re.

5.      Respondent SAFEBUILT INSURANCE SERVICES, INC., ("Safebuilt") is a

California Corporation with a principal place of business at 3250 Gray Hawk Court, Carlsbad,

California.

<u>**JURISDICTION AND VENUE**</u>

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

there is diversity of citizenship between the parties and the amount in controversy, exclusive of

costs and interest, exceeds $75,000.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

## PROCEDURAL BACKGROUND

8.      On September 9, 2015 AmTrust received an award in arbitration against Pac Re and Cell 5 for a total of $7,833,474.29 plus interest of which $6,373,244 was to be put in a trust used to provide collateral for the reinsurance obligations of both Petitioners' Judgment Debtor pursuant to the terms of the October 2010 Safebuilt Insurance Services, Inc. Captive Reinsurance Agreement ("CRA"). A copy of the CRA is annexed as **Exhibit 1**.

9.      On September 22, 2015 AmTrust brought a special proceeding in this district seeking confirmation of the arbitration award. The action was titled *AmTrust North America, Inc. and Technology Insurance Company, Inc., Petitioners v. Pacific Re Inc. and Pac Re 5-AT, Respondents*, Case No. 15-Civ-7505 (CM).

10.     On March 25, 2016 the Hon. Colleen McMahon, the Chief Judge of this district, entered a judgment in favor of AmTrust and TIC confirming the arbitration award against Pac Re and Cell 5. A copy of the judgment is annexed as **Exhibit 2**.

11.     On May 19, 2016 this Court entered an amended judgment in favor of AmTrust against Pac Re and Cell 5 for the sum of $7,833,474.29 plus interest. A copy of the amended judgment is annexed as **Exhibit 3**. The judgment and the amended judgment will hereafter be referred to as the "Judgment."

12.     No part of the Judgment, or the interest accrued thereon, has been paid or satisfied. As of July 28, 2016, the amount owed on the Judgment is $8,462,216.64. Post-judgment interest continues to accrue at the rate of $1,945.98 per day on the original judgment.

## FACTUAL BACKGROUND

13.     This dispute arises from a fronted captive reinsurance program (the "Program") involving Safebuilt, Pac Re, and Pac Re on behalf of Cell 5, non-party United Specialty Insurance Company ("USIC"), TIC and AmTrust.

14.     Pursuant to the relevant agreements Safebuilt was to underwrite and bind small contractor liability policies on USIC general liability insurance policies. These policies would then be reinsured by TIC 100%[1] which would then retrocede the vast majority of the risk back to captive insurer Pac Re acting for itself and on behalf of its unincorporated protected Cell 5.

15.     Safebuilt is owned and controlled by Philip Salvagio, David Pike, Carl Savoia and Mark Hunter.

16.     Pac Re is also ultimately owned and controlled by Philip Salvagio, David Pike, Carl Savoia and Mark Hunter, who collectively own Preferred Global Holdings, the holder of all of the shares of Pac Re.

17.     Neither Pac Re nor Pac Re on behalf of Cell 5 has paid TIC and AmTrust for monies owed them under the Judgment.

18.     Upon information and belief, Pac Re and Cell 5 possess insufficient funds to satisfy the Judgment.

19.     Pursuant to a Participation Agreement between Safebuilt and Pac Re, in order to form Cell 5, Safebuilt agreed to fund all of the liabilities of Pac Re's unincorporated Cell 5.

---

[1] 90% in California.

<u>COUNT I</u>

<u>PURSUANT TO THE PARTICIPATION AGREEMENT</u>

<u>BREACH OF CONTRACT</u>

20.     Petitioners repeat and reallege each and every allegation in paragraphs "1"

through "19" as if each was set forth herein at length.

21.     Judgment Debtor Cell 5 currently has a debt due and owing from Safebuilt

pursuant to the terms of the Participation Agreement, effective October 1, 2010 ("Participation

Agreement"). A copy of the Participation Agreement is annexed hereto as **Exhibit 4**.

22.     As alleged, through the Participation Agreement, Safebuilt became the

"Participant" of Cell 5, obligated to fund <u>all</u> of Cell 5's liabilities.

23.     Section 1.1 of the Participation Agreement states: "As beneficial owner of the

Protected Cell, the Participant will be required to fund all the liabilities of the Protected Cell and

will be entitled to any assets remaining in the Protected Cell after the settlement of all liabilities

incurred by the Protected Cell."

24.     Safebuilt is explicitly defined as the "Participant" in the first decretal paragraph of

the Participation Agreement.

25.     Safebuilt's role as the Participant under the Participation Agreement was

confirmed by the United States District Court for the District of Montana which recognized that:

"Pacific Re and Safebuilt Insurance Services, Inc. ("SIS") entered into a Participation

Agreement." *Pac Re 5-AT v. Amtrust North America, Inc.*, CV-14-131-BLG-CSO, 2015 WL

2383406 (D. Mont. May 13, 2015) (the "Montana Action").

26.     Cell 5 authenticated the Participation Agreement which it attached to the Montana

Action. A copy of the Complaint is annexed hereto as **Exhibit 5**.

5

27.     Montana's Department of the Commissioner of Securities and Insurance ("CSI"), the regulatory body responsible for regulating Pac Re and Cell 5, has confirmed it considered Safebuilt to be the Participant under the Participation Agreement.

28.     Pac Re and Cell 5's captive manager has also confirmed that Safebuilt was the Participant under the Participation Agreement.

29.     David E. Pike, the only signatory to the Participation Agreement, is an officer and director of Safebuilt.

30.     Pursuant to the Participation Agreement and Montana Law, Safebuilt is responsible to Cell 5 for the entire Judgment which AmTrust may collect directly from Safebuilt as Judgment-Creditor of Cell 5 and Pac Re acting on behalf of Cell 5.

## COUNT II

## NEGLIGENCE

31.     Petitioners repeat and reallege each and every allegation in paragraphs "1" through "30" as if each was set forth herein at length.

32.     Safebuilt is a licensed insurance agent and surplus lines broker in the State of California.

33.     Safebuilt was General Agent for the Program pursuant to Quota Share Agreements and General Agency Agreements (the "QSAs" and "GAAs") between USIC, TIC and Safebuilt.

34.     As General Agent, Safebuilt solicited, underwrote, bound and issued USIC policies reinsured by TIC, which in turn retroceded most of the anticipated risk to Pac Re and Cell 5.

35.     As General Agent, Safebuilt was required to report and remit, net of specified deductions, premiums collected for claims payment and related expenses related to the USIC policies.

36.     Premium is defined by applicable law as anything given by an insured in consideration for the issuance of an insurance policy.

37.     On information and belief, Safebuilt negligently believed that as a broker it could charge policy fees in addition to the premium charged insureds for the issuance of the USIC policies.

38.     Accordingly, Safebuilt negligently failed to disclose the total amount of premium collected, improperly reducing the amount of premium collected by the amount of undisclosed policy fees it was charging, collecting and keeping for itself.

39.     Had Safebuilt reported the policy fees along with the amount Safebuilt internally described as "pure premium" (which is simply premium less policy fees) TIC would have required those amounts to be remitted for claims and other reinsurance amounts under the USIC policies pursuant to contract.

40.     Safebuilt knew that substantial claims payments were to be borne by Cell 5.

41.     Safebuilt knew that Cell 5 was relying on Safebuilt to collect and report all of the premiums it had collected and remit those net of those deductions permitted by the various Program Agreements.

42.     Safebuilt owed a duty to Cell 5 to properly collect, report, and remit premium for the payment of claims and other reinsured expenses.

43.     Upon information and belief, Safebuilt collected sufficient premium, including the policy fees it charged and collected to pay all claims and other reinsured expenses under the USIC policies.

44.     Safebuilt breached its duties to Cell 5 by improperly and negligently charging, collecting and distributing policy fees to itself and third parties including some, upon information and belief, which are affiliated with Safebuilt and its owners, causing Cell 5 to be deprived of sufficient money to discharge its obligations to AmTrust and TIC under the CRA.

45.     In a related action, Petitioners and Safebuilt retained a neutral vendor to calculate the total policy fees collected based on data identified and produced by Safebuilt under court order, which calculation revealed Safebuilt charged and collected $10,701,892.41 in various policy fees imposed on each USIC policy.  A copy of the report calculating the policy fees is annexed hereto as **Exhibit 6**.

46.     Cell 5 has an interest in all or part of diverted policy fees that Safebuilt collected as general agent that should have been paid into the trust in favor of TIC, of which Cell 5, along with Pac Re, was the Grantor.

47.     Cell 5 has suffered unfunded liability in the amount of the Judgment plus interest as the direct and proximate result of Safebuilt's breach of duty under New York law.

## COUNT III

## VICARIOUS LIABILITY

48.     Petitioners repeat and reallege each and every allegation in paragraphs "1" through "47" as if each was set forth herein at length.

49.     At all times herein alleged, neither Pac Re nor Cell 5 had any employees.

50.     At all times herein alleged, Pac Re and Cell 5 would bear the consequence of how Safebuilt acted in its capacity as the General Agent of the Program.

51.     At all times herein alleged, Safebuilt was acting on behalf of, and for the benefit of, Pac Re and Cell 5.

**WHEREFORE**, Petitioners AmTrust North America, Inc. and Technology Insurance Company, seek an order: (1) as for Count I, obligating Safebuilt to fund the Judgment pursuant to the Participation Agreement and pay AmTrust and TIC directly as Judgment-Creditors $8,462,216.64 as of July 28, 2016 with interest through date of payment; and (2) as for Counts II and III, for Safebuilt to remit to TIC and AmTrust its quota-share percentage of that portion of Program premium represented by the approximate $10.7 million in policy fees charged and collected, less the authorized deductions from premium, but not paid to Pac Re on behalf of Cell 5, Petitioners' Judgment Debtor as Pac Re on behalf of Cell 5's debtor.

Dated:  Garden City, New York
        July 28, 2016

OHRENSTEIN & BROWN, LLP

By: _____
    Michael D. Brown
    Matthew Bryant
    Zachary G. Schurkman
    *Attorneys for Petitioners*
    1305 Franklin Avenue, Suite 300
    Garden City, New York 11530
    Tele: (516) 873-6334
    Fax: (516) 873-8912
    michael.brown@oandb.com
    matthew.bryant@oandb.com
    zachary.schurkman@oandb.com