UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

| | |
|---|---|
| **USDC SDNY** | |
| **DOCUMENT** | |
| **ELECTRONICALLY FILED** | |
| **DOC #:**_____ | |
| **DATE FILED:** 11/3/2016 | |

AMTRUST NORTH AMERICA, INC. and
TECHNOLOGY INSURANCE COMPANY, INC.,
As Judgment Creditors of PACIFIC RE, INC. on
behalf of its protected cell PAC RE 5-AT,
Judgment Debtor,

        Petitioners,

      -against-

                                     No. 16-cv-6033 (CM)
                                     Related Case No. 15-cv-7505

SAFEBUILT INSURANCE SERVICES, INC.,

        Respondent.

———————————————————————x

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR JUDGMENT AGAINST RESPONDENT

McMahon, C.J.:

    This action was brought by Petitioners AmTrust North America, Inc. ("AmTrust") and

AmTrust's affiliate, Technology Insurance Company, Inc. ("TIC," collectively, "Petitioners"),

against Respondent Safebuilt Insurance Services, Inc. ("SIS"), seeking an order entering

judgment against SIS and directing SIS to turn over to Petitioners funds that SIS allegedly owes

to Pacific Re ("Pac Re") and Pac Re 5-AT ("Cell 5") to satisfy the judgment Pac Re and Cell 5

owe to Petitioners. On October 5, 2016, the Court denied SIS's cross-motion to dismiss the

Petition on grounds of lack of personal jurisdiction, lack of subject-matter jurisdiction, and

failure of service on Pac Re. For the reasons set forth below, Petitioners' motion for judgment

against SIS is GRANTED.

1

## Background and Procedural History

The facts of this dispute are thoroughly discussed in this Court's October 5, 2016 order, (Dkt. No. 47), so I will only repeat the most relevant details here.

This dispute arises from a complex insurance/reinsurance program (the "Program") involving AmTrust, TIC, SIS, Pac Re, Pac Re on behalf of Cell 5, and non-party United Specialty Insurance Company ("USIC"), among others. Under the Program, USIC would issue primary insurance policies underwritten by SIS on behalf of USIC and TIC, pursuant to two General Agency Agreements (designating SIS the "General Agent" for the Program). Those primary policies were then reinsured by TIC. TIC was then, in turn, reinsured by Cell 5, a protected captive cell of Pac Re, a Montana captive reinsurance company, pursuant to a Captive Quota Share Reinsurance Agreement (the "Reinsurance Agreement").

Cell 5 was created in October 2010 specifically for the Program through a Participation Agreement, which designates SIS as the "Participant" in the first decretal paragraph. Petitioners argue that, in its role as Participant, SIS was obligated by the Participation Agreement to fund all of Cell 5's liabilities. SIS, however, argues that it was never party to the Participation Agreement.

As a result of an arbitration in the District of Montana (the "Arbitration") and a related suit (the "Montana Action"), Petitioners secured an interim arbitration award against Pac Re and Cell 5 for approximately $7.8 million plus interest. Petitioners then brought suit in this Court for confirmation of that award, *AmTrust North America, Inc. v. Pacific Re, Inc.*, No. 15-cv-7505 (the "Confirmation Action"). This Court entered a judgment in their favor on March 25, 2016, which was amended on May 19, 2016, totaling the full $7.8 million plus interest. Petitioners allege that judgment remains unpaid.

While the Arbitration was ongoing, Petitioners brought suit in this Court against SIS, among others, *AmTrust North America, Inc. v. Safebuilt Insurance Services, Inc.*, No. 14-cv-9494 (the "SDNY Action"), alleging breach of contract, breach of fiduciary duty, veil piercing and alter ego liability, fraudulent conveyance, conversion, and negligence. That suit is ongoing.

Petitioners brought the instant action pursuant to Fed. R. Civ. P. 69(a) and N.Y. CPLR §§ 5201(a), 5221(a), 5225(b), and 5227, seeking an order entering judgment against SIS and directing SIS to turn over to Petitioners funds allegedly due to Pac Re and Cell 5 by operation of the Participation Agreement, in order to satisfy the judgment confirmed in the Confirmation Action. SIS opposes summary disposition of the Petition due to outstanding factual issues.

## Applicable Legal Standards

Federal Rule of Civil Procedure 69(a) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Here, the judgment at issue was entered by this Court in the Confirmation Action, and thus the procedure of New York governs proceedings in aid of execution of that judgment. Where, as here, a judgment creditor seeks to enforce a judgment "against any person who it is shown is or will become indebted to the judgment debtor," CPLR § 5227 requires that the judgement creditor utilize a "special proceeding."

A special proceeding, under New York law, "is subject to the same standards and rules of decision as apply on a motion for summary judgment." *Gonzalez v. City of N.Y.*, 127 A.D.3d 632, 633 (1st Dep't 2015) (quoting *Karr v. Black*, 55 A.D.3d 82, 86 (1st Dep't 2008)). The Court may "make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised." CPLR § 409(b). Like on a motion for summary

judgment, "the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Friends of Thayer Lake LLC v. Brown*, 27 N.Y.3d 1039, 1043 (2016). Summary disposition of the petition is not appropriate "where there are material issues of fact in dispute or where more than one conclusion may be drawn from the established facts." *Id.*

A § 5227 special proceeding "is properly asserted against one who agreed to indemnify the judgment debtor in the underlying proceeding." *White Plains Plaza Realty, LLC v. Cappelli Enterprises, Inc.*, 127 A.D.3d 1220, 1221 (2d Dep't 2015). In such a case, "The judgment creditor stands in the judgment debtor's shoes, and may enforce the obligations owed to the judgment debtor by the indemnifying party." *Id.* If the judgment creditor meets its burden, the Court has two available remedies: (1) to require the third party "to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment"; or (2) to "direct that a judgment be entered against [the indemnifying party] in favor of the judgment creditor." CPLR § 5227.

### Discussion

Petitioners present two alternative theories of liability by which SIS owes funds to Pac Re. First, they argue that SIS is bound by contract – specifically, the October 2010 Participation Agreement – to indemnify all of Cell 5's liabilities. Second, they argue that SIS is liable under negligence and vicarious liability theories for the improper collection and diversion of various policy fees as the Program's "General Agent." As I find the record is indisputably in Petitioners' favor on the first theory, there is no need to address the second theory.

### A.    SIS Is Contractually Liable for Cell 5's Debts, Including the Judgment

Petitioners' assert that SIS is obligated to pay the judgment on the arbitral award they obtained against Cell 5 because it undertook to fund all of Cell 5's liabilities under the terms of a

Participation Agreement dated October 1, 2010. (Pet. Ex. 4 at 1, Dkt. No. 1-4.) The Participation

Agreement stipulates that "the Participant will be required to fund all of the liabilities of the

Protected Cell and will be entitled to any assets remaining in the Protected Cell after the

settlement of all liabilities incurred by the Protected Cell." (*Id.* § 1.1.) SIS is identified as the

"Participant" in the first decretal paragraph of the Participation Agreement.

SIS does not dispute that the Participation Agreement is drafted as an agreement among

itself, Pac Re and Cell 5, or that the text of the Agreement binds SIS to do certain things

(including fund Cell 5's liabilities). In fact, if SIS is not a party to the Participation Agreement,

the document is essentially meaningless.

Nonetheless, SIS argues that it never became a party to the Participation Agreement

because no one ever signed the Agreement on SIS's behalf. The Participation Agreement only

has two signature blocks – one for Pac Re and one for Pac Re on behalf of Cell 5 – and David

Pike (President of Pac Re) signed in both blocks. There is no signature block for SIS, although

Pike, who signed the Agreement twice, is the CEO and a director of SIS and has the capacity to

bind the company via contract.

As proof that it never became a party to the Participation Agreement, SIS produced a

similar Participation Agreement, dated January 1, 2010, between Pac Re and SIS, providing for

the establishment of a different protected cell (Cell 3), which was signed by Pike both as

President of Pac Re and as CEO of SIS. (Bender Letter, Oct. 21, 2016, Ex. C, Dkt. No. 50-3.) It

argues that Pike's failure to sign the October 2010 Participation Agreement in the same capacity

means that SIS never became party to that Agreement.

Petitioners argue that the absence of a signature block for SIS was simply a "clerical error," and that Pike – one of four ultimate owners of both Pac Re and SIS, and who signed the Agreement twice – was authorized to bind both parties to the agreement.

However, Petitioners move for immediate judgment against SIS on the ground that SIS has admitted, in multiple filings before this Court, that it is in fact a party to the October 2010 Participation Agreement. Invoking the doctrine of judicial admissions, Petitioners argue that SIS cannot now contend otherwise – which means that there is no disputed issue of fact on the point.

Judicial admissions "are affirmative actions—factual affirmations or stipulations of some sort—that bind both the party making the admission and the court." *Banks v. Yokemick*, 214 F. Supp. 2d 401, 405 (S.D.N.Y. 2002). Such factual issues no longer require discovery or debate because a party has "remove[d] them from dispute." *Banks*, 214 F. Supp. 2d at 405. A formal judicial admission that a party signed a document or entered into a contract is "conclusive against [a] defendant in [a] motion for summary judgment," and cannot be withdrawn without court permission. *Bank of Am., N.A. v. Farley*, No. 00 Civ. 9346, 2002 WL 5586, at *6 (S.D.N.Y. Jan. 2, 2002) (internal quotation marks omitted) (second alteration in original) (quoting *Kessenich v. Raynor*, 120 F. Supp. 2d 242, 249 (E.D.N.Y. 2000)).

While judicial admissions often take the form of formal stipulations, "admissions in the pleadings are generally binding on the parties and the Court" as well. *PPX Enterprises, Inc. v. Audiofidelity, Inc.*, 746 F.2d 120, 123 (2d Cir. 1984). "A court can appropriately treat statements in briefs as binding judicial admissions of fact." *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994).

When a party makes a judicial admission, it is normally bound by that position "throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d

523, 528 (2d Cir. 1985) (quoting *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983)). Ordinarily, this means that the party is bound only in the action in which it is made, and not "in separate and subsequent cases." *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004) (internal quotation marks omitted) (quoting *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968)).

However, the Court may still consider judicial admissions made in one action as evidence in a different proceeding. *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015). Where the two actions are related, courts have treated the admissions as strong, if not conclusive, evidence of the admitted fact. *See Purgess*, 33 F.3d at 143; *Schaefer v. Banc of Am. Inv. Servs., Inc.*, No. Civ. 08-335, 2014 WL 2712225, at *1 (D. Md. May 12, 2014).

Here, SIS admitted that it was a party to the Participation Agreement at least three times in the SDNY Action. And there can be no possible dispute that the instant enforcement proceeding and the SDNY Action are "related": The SDNY Action arises out of the same set of facts and seeks to impose liability on SIS and others for their roles in the Program and this Court was asked to, and did, accept assignment to the underlying Confirmation Action on counsel's uncontested representation that the two actions were related. (*See* Statement of Relatedness, Confirmation Action Dkt. No. 4.)

And so we turn to the three alleged judicial admissions.

First, in a brief filed in support of its motion to dismiss the SDNY Action, SIS stated, "By Participation Agreement dated October 1, 2010, Pac Re 5-AT was established by Pacific Re, Inc. and the participant in a reinsurance program, defendant SIS." (SDNY Action Dkt. No. 25.) There is no ambiguity in this statement – it is a clear admission that SIS established Cell 5 via the October 2010 Participation Agreement signed by Pike. This statement was made in a formal

document filed with this Court by counsel on behalf of SIS and David Pike, the only signatory to

the Participation Agreement. It thus constitutes a judicial admission; while it is not binding on

this Court, it is strong evidence against SIS's present position. *Purgess*, 33 F.3d at 143; *PPX*

*Enterprises, Inc.*, 746 F.2d at 123.

Second, in the Second Amended Complaint in the SDNY Action, AmTrust and TIC

alleged that SIS had "caused Pacific Re to enter into a Participation Agreement with SIS" in

order to establish Cell 5 (2d Am. Compl. ¶ 28, SDNY Action Dkt. No. 54). In its Answer – a

formal pleading – SIS stated: "*SIS admits that it entered into a 'Participation Agreement' with*

*non-party Pac Re* and that that agreement speaks for itself. Except as explicitly admitted, SIS

denies the allegations in Paragraph '28', including sub-parts 'a' through 'g' thereof, of the

Second Amended Complaint." (Answer ¶ 28, SDNY Action Dkt. No. 64 (emphasis added).)

SIS now argues that this statement was actually a reference to a different participation

agreement that SIS entered into with Pac Re, establishing Cell 3, in January 2010. (*See* Bender

Letter, Oct. 21, 2016, Ex. C, Dkt. No. 50-3.) But that is not possible. The allegation in the

Second Amended Complaint related specifically to the Participation Agreement that established

Cell 5, not to any other agreement. Arguing that the admission was a reference to an undisclosed

contract relating to an entirely different captive cell would mean that SIS and its attorneys were

in violation of Fed. R. Civ. P. 11 and could be sanctioned for committing a fraud on the Court. If

I were counsel for SIS, I would think twice before making such an argument.

However, any lingering doubt about the matter is erased by SIS's admission, in yet

another brief, that, "The insurance program at issue in this litigation, and in the related arbitration

brought by AmTrust and TIC against Pac Re and Cell 5 [i.e., the Arbitration that led to the award

and judgment here at issue], was created by six contracts, specifically: . . . (4) a Participation

Agreement, between Pac Re and SIS." (Defs.' Mem. of Law in Opp. to Pl.'s Mot. to Dismiss at 2, SDNY Action Dkt. No. 100.) There can be absolutely no doubt that SIS was referring to the October 2010 Participation Agreement establishing Cell 5 when it filed that brief with this Court. The brief continued by noting that "SIS is the *only* Defendant/Third Party Plaintiff [in the SDNY Action] that is a party to any of these contracts." (*Id.* (emphasis original)) This is a clear and unwavering admission that SIS was party to the October 2010 Participation Agreement.

SIS's admissions are consistent with the findings of the District of Montana in related litigation over Cell 5. In that related Montana Action, Magistrate Judge Carolyn Ostby concluded: "Effective October 1, 2010, Pacific Re and Safebuilt Insurance Services, Inc. ('SIS') entered into a Participation Agreement. In the Participation Agreement, Pacific Re agreed to establish a protected cell entitled PacRE 5–AT ('Cell 5') for Safebuilt." *Pac Re 5-AT v. Amtrust N. Am., Inc.*, No. CV-14-131, 2015 WL 2383406, at *1 (D. Mont. May 13, 2015) (internal citation omitted). SIS was not a party to the Montana Action (although it was the moving force behind it); had it been, Magistrate Judge Ostby's finding would estop SIS from so much as asserting that it was not a party to the Participation Agreement.

In sum, the text of the Participation Agreement that created Cell 5, together with the various judicial admissions made by SIS in the related SDNY Action, admit of but one conclusion: SIS was a party to the October 2010 Participation Agreement establishing Cell 5. SIS offers no contradictory evidence, and its assertion in argument that its admissions refer to the Cell 3 Participation Agreement are flatly contradicted by both the content and the context of the admissions themselves. I therefore conclude that there is no genuine issue of material fact, and that SIS is a party to the October 2010 Cell 5 Participation Agreement with Pac Re.

9

It is also undisputed, and I therefore find, that SIS was the "Participant" described in that contract, and that the Participant agreed to "fund all of the liabilities of the Protected Cell [Cell 5] and will be entitled to any assets remaining in the Protected Cell after the settlement of all liabilities incurred by the Protected Cell." (Pet. Ex. 4 § 1.1.)

Cell 5, as Judgment Debtor to Petitioners, has a liability that is due and remains unpaid. Petitioners are thus entitled to judgment as a matter of law against SIS.

Although SIS protests that certain complex factual issues currently being litigated in the SDNY Action preclude summary decision of the petition, none of those issues is whether SIS is the "Participant" identified in the Participation Agreement or whether it is bound to honor the Participant's contractual obligations. Furthermore, the judicial admissions that the court finds dispositive and irrefutable in light of the text of the Participation Agreement were made in the SDNY Action, so they are not simply evidence of the fact that SIS was party to the Participation Agreement, as they are here – they are binding on SIS and on the Court (on this very Court, as I am the presiding judge in the SDNY Action as well as in this one) and so foreclose litigation over that fact in the SDNY Action.[1]

Petitioners have candidly admitted that today's decision is but one step in the staircase they must build in order to find a deep pocket against which they can enforce the judgment confirmed in the Confirmation Action. But it is a necessary step. SIS's judicial admissions, taken together with the text of the Participation Agreement itself, make it easy for the Court to rule in Petitioners' favor. It is now up to Petitioners – in the SDNY Action or elsewhere – to attempt to

---

[1] The disputed factual issues in the SDNY Action relate to SIS's potential liability under alternative theories of liability. They also relate to an underlying issue of substance, which is whether AmTrust and TIC can pierce SIS's corporate veil and make Pike and other individuals who have real assets liable for Pac Re's debts. Today's decision does not address any of those issues.

pierce SIS's corporate veil in order to reach some deep pocket that can actually pay the judgment.

**B.      The Appropriate Remedy Is Judgment Against SIS**

There remains the issue of what remedy is appropriate.

CPLR § 5227 specifies two alternative remedies available to the Court: (1) ordering SIS to pay Petitioners the debt owed "upon maturity;" or (2) entering a judgment against SIS that reflects the existing judgment against Pac Re and Cell 5. The latter remedy, entry of judgment, is preferred under New York law, "since a judgment creditor should gain no rights against a debtor of the judgment debtor that he would not have had against the judgment debtor himself." 54 N.Y. Jur. 2d *Enforcement and Execution of Judgments* § 277. Moreover, CPLR § 411 directs that a court should conclude a special proceeding with an entry of judgment determining the rights of the parties, rather than an order.

In this case, entry of judgment is the correct remedy. Petitioners' do not contend that SIS is in possession of funds that the court could order it to turn over to them, but rather that SIS is bound to indemnify Pac Re and Cell 5 for the judgment that is presently outstanding against them. Therefore, the appropriate remedy is, pursuant to CPLR § 5227, to "direct that a judgment be entered against [the indemnifying party] in favor of the judgment creditor."

## Conclusion

It is hereby ORDERED, ADJUDGED, and DECREED:

That, for the reasons stated above, Petitioners' Motion for Judgment against SIS is GRANTED;

That Respondent Safebuilt Insurance Services, Inc., having as its principal place of business at 3250 Gray Hawk Court, Carlsbad, California, 92010, shall pay to Petitioners:

1. The sum of $7,833,474.29 as follows:

   a. $6,373,244 to be deposited by Petitioners in the "Loss Corridor Trust Account" established under the terms of the Reinsurance Agreement as collateral for the payment of claims covered by and subject to the terms of the Reinsurance Agreement; and

   b. $1,460,230.29 as reimbursement for net outstanding third-party administrator fees paid by Petitioners and reimbursable by Judgment Debtors Pac Re and Cell 5 pursuant to the terms of the Reinsurance Agreement;

   plus

2. Interest as awarded as follows:

   a. Pre-judgment interest on the $1,460,230.29 due and payable under paragraph 1(b) above at the rate of 4% per annum from September 8, 2014 through October 9, 2015, in the amount of $58,569.24; and

   b. On all sums awarded provided for in paragraphs 1 and 2(a) above, remaining unpaid after October 9, 2015, totaling the liquidated sum of $7,892,043.53, at the New York statutory post-judgment rate of 9% per annum until paid in full.

This constitutes the decision, order and judgment of the court. The Clerk of the Court is directed to remove Docket No. 5 from the Court's list of pending motions and to close this case.

Dated: November 3, 2016

_____
U.S.D.J.

BY ECF TO ALL COUNSEL